UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Wheeling & Lake Erie Railway Company, ) | |
| ) | CASE NO. 5:13CV2105 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE JOHN R. ADAMS |
| ) | |
| Brotherhood of Locomotive Engineers and ) | <u>ORDER</u> |
| Trainmen, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is Plaintiff Wheeling & Lake Railway Company's motion to stay these proceedings pending resolution of the interlocutory appeal filed by Defendants. Defendants have responded in opposition to the motion. Upon review, the motion is GRANTED. The Court hereby exercises its inherent authority to stay this matter pending the appeal.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also United States v. Garcia–Robles*, 562 F.3d 763, 767–68 (6th Cir. 2009). This transfer of power, however, does not effect a total divestiture of jurisdiction from the district court: it retains jurisdiction to enforce its judgment, *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007), to proceed with matters that will aid the appellate process, *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981), and to adjudicate matters unrelated to the issues on appeal, *Weaver v. Univ. of Cincinnati*, 970 F.2d 1523, 1528–29 (6th Cir. 1992). Moreover, "an appeal from an order granting or denying a preliminary injunction does not divest the district court of jurisdiction to proceed with the action on the merits." *Moltan Co. v.*

*Eagle–Picher Indus., Inc.*, 55 F.3d 1171, 1174 (6th Cir.1995) (quoting 9 M. Moore, B. Ward & J. Lucas, Moore's Federal Practice ¶ 203.11, at 3–54 (2d ed. 1989)).  In *Weaver*, in particular, we held that "an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case." 970 F.2d at 1528–29.

It is this final category – issues unrelated to the appeal – that is the focus of the parties' arguments.  It is clear that the Court retains jurisdiction in general when an appeal is taken from a preliminary injunction.  In the instant matter, however, the Court finds that there is also an arguable basis that any decisions made by this Court in the future would be directly at the heart of the legal issue on appeal – that is, the focus of this litigation is on whether the dispute between the parties was a major or minor dispute under the appropriate statute.  The Court finds that it would not be a wise use of judicial resources to engage in discovery at this time.  Instead, guidance from the Sixth Circuit will dramatically streamline this litigation or even eliminate the litigation in its entirety.  Accordingly, while recognizing that there is a reasonable argument that the Court has jurisdiction, the Court hereby utilizes its inherent authority to stay this matter pending resolution of the interlocutory appeal.

All dates and deadlines scheduled in this matter are hereby STAYED.

IT IS SO ORDERED.


January 14, 2014         /s/ John R. Adams_____
Dated                    JUDGE JOHN R. ADAMS
                         United States District Judge